UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

ALESSI DOMENICO S.P.A.,

                Plaintiff,

   - against -                      ORDER

                                CV 2004-5383 (CPS)(MDG)

OTC INTERNATIONAL LTD.,

                Defendant.

- - - - - - - - - - - - - - - - - -X

    By letter dated October 16, 2006, defendant OTC International Ltd. ("OTC") seeks to quash a subpoena served by plaintiff Alessi Domenico s.p.a. upon Sovereign Bank concerning defendant's accounts. See ct. doc. 28. Specifically, the subpoena requires production of documents and a deposition of a person knowledgeable about extensions of credit made by Sovereign Bank to OTC and its affiliates from January 1, 1999 to the present.

## DISCUSSION

    Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties "to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" and, upon a showing of "good cause," to have a "court order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Information is relevant and discoverable so long as the discovery "appears

reasonably calculated to lead to the discovery of admissible evidence."  Id.  As the Advisory Committee noted with respect to the 2000 amendments to Rule 26(b)(1) which narrowed the scope of discovery, "[t]he Committee intends that the parties and the court focus on the actual claims and defenses involved in the action."  Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes to 2000 Amendments.  When broader discovery is sought, the Court should determine the scope "according to the reasonable needs of the action, ... depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested."  Id.

Defendant argues that the discovery sought has nothing to do with the issues in this case.  The claims and counterclaim in this action arise from a long business relationship between the parties in which plaintiff shipped defendant gold, gold jewelry and similar merchandise.  Plaintiff claims that defendant failed to pay the amounts billed and due, while defendant asserts in its counterclaim that it has overpaid.  Given the length of the relationship, the dispute is essentially one of accounting -- what was shipped, what was owed and what was paid.

Plaintiff explains that since defendant's "payments were made by wire transfer, neither plaintiff nor its principals have any knowledge concerning the source of the funds represented by the wire transfers except as claimed by the defendant."  Letter of Noel Hauser dated Oct. 29, 2006 at 1-2 (which was faxed to

this Court but not filed electronically). Plaintiff also argues that the information from Sovereign Bank will shed light on "whether Sovereign Bank acted in conducting further business with the defendant in this case upon the understanding that the defendant's obligation to the plaintiff was reduced by the sum of $1.1 million." Id. at 2.

This Court agrees with defendant that the financial information sought from defendant's bank has little to do with the claims or defenses in this case. Defendant's sources of income have no bearing on whether it made payment. Likewise, the business relationship between Sovereign Bank or defendant sheds no light on the amount of obligations due. While the purchase by Yoram Sheinman and Yagur Sheinman, principals of defendant, of $1.1 million in OTC receivables from plaintiff may directly affect the amount owed by OTC to plaintiff, whether the Sheinmans were prompted to do so due to their relationship with Sovereign Bank has nothing to do with plaintiff's claims.

This Court also finds that the financial information sought is not relevant to the subject matter of this action, other than, perhaps, providing insight as to whether OTC has the ability to pay. The broadness of the subpoena, which seeks financial records for 7 years even though the $1.1 million transaction occurred in November 2000, underscores the inappropriate scope of discovery sought. See Collens v. City of New York, 222 F.R.D. 249, 253 (S.D.N.Y. 2004) ("courts should not grant discovery

requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims or defenses"). This Court thus finds good cause does not exist to expand the scope of discovery into the finances of OTC.

CONCLUSION

Defendant's application to quash the subpoena served on Sovereign Bank is granted.

**SO ORDERED.**

Dated:   Brooklyn, New York
         October 25, 2006

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE